IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Antonio Tucker, | Civil Action No. 6:16-cv-313-TMC-KFM |
| Plaintiff, | **REPORT AND RECOMMENDATION** |
| vs. | |
| Jawarski Shelton and Laurens County Sheriff's Office, | |
| Defendants. | |

This matter is before the court on the defendants' motion for summary judgment (doc. 33). The plaintiff, represented by counsel, was arrested for filing a false police report. The defendant Jawarski Shelton is an investigator with the Laurens County Sheriff's Office ("LCSO"). In his complaint (doc. 1), the plaintiff alleges a Fourth Amendment claim filed pursuant to 42 U.S.C. § 1983 against Inv. Shelton and state law claims of malicious prosecution, abuse of process, and intentional infliction of emotional distress against the LCSO. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in cases filed under 42 U.S.C. § 1983 and to submit findings and recommendations to the District Court.

**FACTS PRESENTED**

In an incident report filed by responding LCSO Deputy Corporal Cook, on March 29, 2015, the plaintiff called 911 to report that his business partner Billy James Hayes had burst into his office and pointed a handgun and threatened him (docs. 33-2, pp. 7-8). The plaintiff told Cpl. Cook (and provided a written statement) that he and Hayes were in a relationship and that there was a history of physical violence between them. Hayes was interviewed at the scene, admitting that he burst into the office but denying that he had

a gun. The office was equipped with a video camera, and according to Cpl. Cook's incident report, Inv. Shelton and another LCSO officer, Lt. Crain, reviewed a video recording of the incident: "Per Lt. Crain the footage displays a handgun in Hayes' possession around the time frame of the events described." Hayes was then arrested and charged with pointing and presenting a firearm (*id.*).

On April 20, 2015, the plaintiff signed a pre-printed form requesting the charge against Hayes be dismissed. The following statement is handwritten under the plaintiff's signature:

> The defendant is my business partner (Hayes Ambulance Service). I will have to deal with him concerning business matters and continue our business association until the business is dissolved. I do not feel threatened by the defendant, although there have been previous verbal & physical threats; none involving weapons.

(Doc. 33-2, p. 9). In a followup report dated May 12, 2015, Inv. Shelton reported having "learned of a video recording system in the building. The footage was reviewed and you could see Mr. Hayes actually carrying a handgun in his hand when he came around the corner where [the plaintiff] was located at" (doc. 40-2, p. 10). Later that month, on May 22, 2015, Inv. Shelton appeared before a local magistrate to swear out a warrant against the plaintiff, charging that "on or about March 29, 2015 in the County of Laurens, [the plaintiff] did knowingly and willfully file a false police report to the Laurens County Sheriff's Office in reference to pointing and presenting a firearm which is a felony" (doc. 33-2, p. 11). The plaintiff was arrested on the warrant on June 18, 2015, but the case was dismissed by the Laurens County Solicitor for lack of evidence on September 28, 2015 (doc. 33-2, p. 10).

In support of his motion for summary judgment, Inv. Shelton provided his affidavit stating that he sought the warrant against the plaintiff based on the plaintiff's affidavit to the Solicitor "in which he indicates that he did not feel threatened by Hayes and

2

that there had been previous verbal and physical threats but none involving weapons" (doc. 33-2, Shelton aff. ¶ 11).

## **APPLICABLE LAW AND ANALYSIS**

Federal Rule of Civil Procedure 56 states, as to a party who has moved for summary judgment: "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.,* 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings; rather, he must demonstrate that specific, material facts exist that give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the plaintiff's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Id.* at 248. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.*

*Fourth Amendment - False Arrest*

In the context of arrests, the Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures . . ." U.S. Const. amend. IV. Before an arrest warrant is issued, the Fourth Amendment requires a truthful factual showing in the affidavit used to establish probable cause. *Franks v. Delaware,* 438 U.S. 154, 165-66 (1978). Probable cause means that the "facts and circumstances within the officer's knowledge [ ] are sufficient to warrant a prudent person . . . in believing . . . that the suspect has committed . . . an offense." *United States v. Williams*, 10 F.3d 1070, 1073-74 (4th Cir. 1993). Intentional material omissions in the supporting affidavit may provide a basis to challenge the finding of probable cause of the resulting warrant. *United States v. Colkley,* 899 F.2d 297, 301-02 (4th Cir. 1990); *see also United States v. Stanert,* 762 F.2d 775, 781 (9th Cir. 1985) ("by reporting less than the total story, an affiant can manipulate the inferences a magistrate will draw."). "Where an officer knows, or has reason to know, that he has materially misled a magistrate on the basis for a finding of probable cause, . . . the shield of qualified immunity is lost." *Golino v. City of New Haven*, 950 F.2d 864, 871 (2d Cir. 1991), *cert. Denied*, 505 U.S. 1221 (1992). However, negligent omissions will not undermine the affidavit. *United States v. McCarty,* 36 F.3d 1349, 1356 (5th Cir. 1994).

Upon reviewing the affidavits and the supporting documents and video submitted by the parties, the undersigned finds that issues of material fact exist on the plaintiff's Fourth Amendment claim. Viewing the evidence in a light most favorable to the non-moving plaintiff, as this court must do when considering summary judgment, Inv. Shelton provided a sworn affidavit to the local magistrate that the plaintiff filed a false police report that Hayes pointed and presented a firearm at him. Inv. Shelton did so after comparing the plaintiff's two statements, the first to responding officers reporting Hayes' conduct with a gun (doc. 33-2, pp. 5-6), and the second to the Solicitor the following month,

stating, "I do not feel threatened by the defendant [Hayes], although there have been previous verbal & physical threats; none involving weapons" (doc . 33-2, p. 9).  While Inv. Shelton believes the second statement belies the first, as argued by the plaintiff, the statements are not necessarily inconsistent.  The first statement indicates that on March 29th, the plaintiff felt threatened by Hayes's conduct with the gun:  "I was locked in my office and armed with a Glock 23.  I did this for my personal safety given Mr. Hayes' history of violence and physical altercations with me" (doc. 33-2, p. 5).  The second statement, given on April 20th, indicates he no longer felt threatened by Hayes:  "I do not feel threatened by the defendant, although there have been previous verbal & physical threats; none involving weapons" (doc. 33-2, p. 9).  That the plaintiff no longer felt threatened by Hayes after three weeks time does not mean that his first statement was false.

Importantly, while Inv. Shelton's personal interpretation and comparison of the two statements alone might be sufficient to lead him to believe that probable cause existed for the charge of filing a false police report, his affidavit in support of the resulting warrant for the plaintiff's arrest makes no mention of the video recording he viewed showing Hayes with a gun.  Both Corporal Cook's incident report (doc. 33-2, pp. 5-6) and Inv. Shelton's follow-up report (doc. 40-2, p. 10), recite that Inv. Shelton viewed the videotape and thereafter had knowledge that Hayes had a handgun during the March 29th incident with the plaintiff prior to seeking the warrant against the plaintiff.  The undersigned finds that his omission of this information in the affidavit to the magistrate was material and that a question of fact exists as to whether the omission was intentional or merely negligent.

Inv. Shelton argues in effect that his actions in seeking the arrest warrant were reasonable since he also sought the advice of a county prosecutor before seeking the warrant and that he then presented "these facts" to the local magistrate in obtaining it (doc. 33-2, Shelton aff. ¶ 12) and that these actions should excuse him from liability here.  However, there is no indication in the record before the court that Inv. Shelton discussed

5

the video recording, and his documented conclusions after viewing it, with either the county prosecutor or the issuing magistrate. As such, the issues of material fact set forth above remain. Accordingly, the undersigned recommends that Inv. Shelton's motion for summary judgment be denied on the plaintiff's constitutional claim.

***State Law Claims***

The plaintiff's complaint contains three state law causes of action against the LCSO: malicious prosecution, abuse of process, and intentional infliction of emotional distress. Such claims are controlled and/or governed by the provisions of the South Carolina Tort Claims Act ("SCTCA"), S.C. Code § 15-78-10, *et seq*. Section 15–78–70(a) provides that "[t]his chapter constitutes the exclusive remedy for any tort committed by an employee of a governmental entity. An employee of a governmental entity who commits a tort while acting within the scope of his official duty is not liable therefor except as expressly provided for in subsection (b)." S.C. Code § 15-78-70(a). However, an employee does not have immunity from suit "if it is proved that the employee's conduct was not within the scope of his official duties or that it constituted actual fraud, actual malice, intent to harm, or a crime involving moral turpitude." *Id.* § 15–78–70(b). Additionally, the SCTCA expressly states that "employee conduct outside the scope of his official duties or which constitutes actual fraud, actual malice, intent to harm, or a crime involving moral turpitude" is an exception to South Carolina's waiver of immunity. *Id.* § 15–78–60(17).

As argued by the LCSO in its motion for summary judgment, liability for intentional infliction of emotional distress is expressly barred by the SCTCA under § 15-78-30(f). Accordingly, the LCSO is entitled to summary judgment on this claim.

The plaintiff's remaining state law claims rise and fall in the same manner as his Fourth Amendment claim. *See Johnson v. Dept. of Alcoholic Bev. Control,* C.A. No. 3:15-cv-55, 2016 WL 7235836, at *7 (W.D.Va. Dec. 13, 2016) (citing *Ware v. James City Cty.*, 652 F. Supp. 2d 693, 711-712 (E.D. Va. 2009) ("While the *Vene*y court analyzed

6

whether [throwing the plaintiff to the ground was] 'grossly negligent,' other courts appear to reverse the equation, asking whether the actions were 'objectively reasonable' and, presumably, therefore not grossly negligent. . . . While using different terms, these courts appear to be describing the [same] applicable test.")). The same analysis should apply here in considering the conduct of Inv. Shelton, specifically whether his omission of information regarding the video evidence in his affidavit to the magistrate was somehow objectively reasonable.

An action for malicious prosecution requires the plaintiff to show (1) the institution or continuation of original judicial proceedings; (2) by, or at the instance of, the defendant; (3) termination of such proceedings in the plaintiff's favor; (4) malice in instituting such proceedings; (5) want of probable cause; and (6) resulting injury or damage. *Parrott v. Plowden Motor Co.,* 143 S.E.2d 607, 608 (S.C. 1965). While Inv. Shelton argues that the plaintiff has failed to establish the fourth and fifth elements above, the *Parrot* case holds that malice may be inferred from a want of probable cause, *Id.* at 609, and here, the lack of probable cause is at issue because of the material omission in the affidavit of Inv. Shelton's review of the video as addressed above.

An action for abuse of process requires the plaintiff to show that the defendant had an ulterior motive and undertook a willful act in the use of the process that is not proper and regular in the conduct in the proceedings. *Pallares v. Seinar*, 756 S.E.2d 128, 133 (S.C. 2014). As with the malicious prosecution claim, the lack of probable cause addressed above may support of finding of malice, which itself would constitute an "ulterior motive." Accordingly, this claim too should be reserved for a jury's consideration.

As the undersigned finds that issues of material fact remain, it is recommended that the LCSO be denied summary judgment on the state law claims of malicious prosecution and abuse of process.

7

## **CONCLUSION AND RECOMMENDATION**

Now, therefore, based upon the foregoing,

IT IS RECOMMENDED that the defendant Inv. Shelton's motion for summary judgment (doc. 33) be denied and that the defendant LCSO's motion for summary judgment (doc. 33) be denied as to the state law claims of malicious prosecution and abuse of process and granted as to the state law claim of intentional infliction of emotional distress.

IT IS SO RECOMMENDED.

November 20, 2017  s/ Kevin F. McDonald
Greenville, South Carolina  United States Magistrate Judge